IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 8:19-CR-00181-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JAMAL DEMARCUS LATIMER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MOTION TO QUASH

The United States of America, by and through the undersigned counsel and on behalf of Assistant United States Attorney (AUSA) Leesa Washington of the United States Attorney's Office in the District of South Carolina, moves the Court for an order quashing the witness subpoena issued by Defendant Jamal Demarcus Latimer commanding AUSA Washington to appear and testify at Defendant's sentencing hearing scheduled for August 18, 2020, at 1:00 p.m.[1]

The subpoena should be quashed because (1) Defendant has not identified the testimony sought and its relevance to the proceedings as required by the *Touhy* regulations, (2) the subpoena improperly seeks to make a federal prosecutor a witness in the case, and (3) the subpoena seeks to discover privileged and confidential information. It is within the province of this Court to decide the appropriate sentence. Any testimony from a former prosecutor on the

---

[1] The sentencing hearing scheduled for August 18 has been canceled but is expected to be rescheduled. This motion is being filed to address the pending subpoena as well as any subsequent subpoena commanding AUSA Washington to appear and testify at a sentencing hearing in this case.

case has no bearing on that decision, and any documents filed by the government in this case speak for themselves.

For these reasons and those set forth below, the motion to quash should be granted.

## BACKGROUND

AUSA Washington was the prosecutor on the above-referenced case until it was discovered that the lead defendant, Detric Lee McGowan, hatched a plan to kill AUSA Washington as well as two of his co-defendants, Donald Thomas and Defendant. When the plan was uncovered in July 2019, AUSA Washington was recused from the case against McGowan, and in late February 2020 was recused from the cases against the remaining twelve defendants, including Defendant.

Defendant's presentence investigation report was filed on December 11, 2019. On February 4, 2020, AUSA Washington filed four objections to the report. Those objections dealt with the total drug weight attributable to Defendant and the application of enhancements under the sentencing guidelines.

On April 27, 2020, after Defendant's case was transferred to a new AUSA, the government withdrew the objections. On July 20, 2020, counsel for Defendant filed a sentencing memorandum, and on August 10, 2020, the government filed a response.

On August 11, 2020, counsel for Defendant served a subpoena via email on AUSA Washington at the United States Attorney's Office commanding her to appear and testify at Defendant's sentencing hearing scheduled for August 18, 2020 at 1:00 p.m. ECF No. 686; Ex. A. On August 14, 2020, counsel sent a letter to the United States Attorney's Office in an effort to comply with the regulations governing the testimony of federal agents, commonly referred to as *Touhy* regulations. Ex. B.

On August 14, 2020, the Court issued a text order canceling the sentencing hearing scheduled for Tuesday, August 18, 2020, at 1:00 p.m. It is anticipated that the sentencing hearing will be rescheduled and Defendant will serve a new subpoena on AUSA Washington.

## STANDARD

The Federal Rules of Criminal Procedure address the quashing of subpoenas seeking the production of documents and objects. Rule 17 states that "[o]n motion promptly made, the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). "A subpoena is unreasonable or oppressive if it is 'excessively broad' or 'overly vague.'" *United States v. Richardson*, 607 F.3d 357, 368 (4th Cir. 2010) (quoting *In re Grand Jury*, 478 F.3d 581, 584 (4th Cir. 2007)).

The Federal Rules of Civil Procedure address the quashing of subpoenas more generally. Rule 45 provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).

In both instances, the decision of whether to quash a subpoena is within the discretion of the court. *Richardson*, 607 F.3d at 368.

## ARGUMENT

**1. Defendant has failed to comply with the *Touhy* regulations.**

The subpoena should be quashed because Defendant has failed to comply with the *Touhy* regulations by failing to provide a written summary of the information sought and its relevance to the proceedings.

"Pursuant to 5 U.S.C. § 301, federal agencies may promulgate so-called Touhy regulations to govern the conductions and procedures by which their employees may testify

about work-related issues at trial." *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)). *See also Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989) (explaining that the policy behind *Touhy* and the related regulations is "to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business"). "The Supreme Court has approved such [*Touhy*] regulations, holding that agencies may legitimately promulgate regulations governing employee testimony and may, pursuant to those regulations, forbid an employee to testify in a court proceeding." *Id.*

The regulations issued by the Department of Justice, 28 C.F.R. §§ 16.21 – 16.29, govern requests for testimony relating to "information acquired by any person while such person was an employee of the Department as a part of the performance of that person's official duties or because of that person's official status." 28 C.F.R. § 16.21. A party seeking to obtain such testimony is required to provide a written summary of the information sought and its relevance to the proceedings. *See* 28 C.F.R. § 16.23. Such *Touhy* requirements are "designed to enable government agencies to make a determination regarding the release of confidential government information that a defendant seeks to elicit at trial." *United States v. Rosen*, 518 F. Supp. 2d 798, 800 n.5 (E.D. Va. 2007).

The Fourth Circuit's decision in *Soriano-Jarquin* is instructive. In that case, the defendant sought to call a federal agent as a witness. The defendant failed to comply with the agency's *Touhy* regulations, and the district court granted the government's motion to exclude the testimony. The Fourth Circuit affirmed the district court's decision, concluding that the *Touhy* regulations applied to cases in which the United States was a party, and further holding that the defendant's failure to comply with the agency's *Touhy* regulations provided a proper basis for preventing the defendant from calling the agent as a witness. *Id.* at 504-05; *see also*

*United States v. Archer*, No. 3:09-CR-59, 2010 WL 2633080, at 2 (E.D. Tenn. June 25, 2010) (quashing trial subpoena served on federal agent due to failure to provide a written summary of the testimony sought); *United States v. Guild*, No. 1:07-CR-404-JCC-, 2008 WL 169355, at *2 (E.D. Va. Jan. 15, 2008) (quashing subpoenas to federal employees due to failure to comply with the agency's *Touhy* regulations).

Here, the subpoena should be quashed because Defendant has failed to provide a written summary of the information sought and its relevance to the proceedings. To begin, the email from counsel dated August 11 merely states: "I intend to question you on any conversations you may have had with DEA agent Randy Smith in this case and any discussion/negotiations we had regarding the objections to the PSR." *Id.* The email does not summarize the information sought or explain its relevance to the proceeding. The email is overly broad, vague, and irrelevant. "Any conversations" AUSA Washington "may have had" with DEA agent Randy Smith in this case is overly broad and vague and seeks information that is irrelevant.

Further, any discussions or negotiations between counsel are irrelevant. Communications between counsel are not evidence. The parties have filed documents setting forth their respective positions. Any discussion or negotiations leading up to those filings are irrelevant and should not be considered by the Court in making a sentencing determination. The documents speak for themselves. Finally, the email says nothing about how the testimony sought is relevant to the Court's determination of the appropriate sentence.

Similarly, the letter dated August 14 fails to summarize the information sought and its relevance to the proceedings. The letter states that defense counsel seeks to discover "conversations Ms. Washington had with DEA Agent Randy Smith on topics that are not case specific." Ex. B. Conversations that AUSA Washington had with DEA Agent Randy Smith that

are not case specific have no relevance to the sentencing hearing in this case. The summary is overly broad and encompasses information unrelated to the present case.

The letter further states it seeks "testimony that may support allegations of statements by government agents during the course of this action." This statement inconsistent with the prior sentence in the letter, which represents that defense counsel is seeking testimony "on topics that are not case specific." In addition, the statement is overly broad and vague and does not provide enough information for the government to be able to assess the relevance, if any, that the testimony has to the sentencing hearing. Moreover, the letter references the government's court filings but does not explain how those filings relate to the testimony sought from AUSA Washington. In any event, documents filed by the government speak for themselves, and as explained further below, it is improper to attempt to discover the rationale behind those filings or the statements made therein.

Because the August 11 email and August 14 letter fail to summarize information sought and its relevance to the proceedings, the United States Attorney's Office has not authorized AUSA Washington to testify at the sentencing hearing. Accordingly, AUSA Washington is prohibited from testifying at Defendant's sentencing hearing. *See* 28 C.F.R. § 16.28.

The subpoena should be quashed.

**2. The subpoena improperly seeks to turn a prosecutor into a fact witness.**

In addition to failing to comply with the *Touhy* regulations, the subpoena should be quashed because it improperly seeks to turn a prosecutor into a fact witness.

Courts uniformly disfavor attempts to obtain discovery through attorneys on a case. For example, "[t]he practice of deposing opposing counsel . . . is generally disfavored in federal courts." *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 380 (D.D.C. 2011). As one court noted, "[a]ny time a deposition notice names an opposing party's

attorney – current or former – as the deponent, red flags go up." *Williams v. Wellston City Sch. Dist.*, No. 09-cv-566, 2010 WL 4513818, at *3 (S.D. Ohio Nov. 2, 2010). "Questioning the attorney on the other side of the case implicates the attorney-client relationship, threatens to intrude on the attorney-client privilege, jeopardizes the attorney's work product, and raises the question of whether the attorney must withdraw." *Id*. The "potential to use such a request for improper purposes is also great." *Id*.

Accordingly, a party may depose opposing counsel only if "the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information sought is crucial to the preparation of the case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (citation omitted).

In the present case, Defendant cannot satisfy any factors that would justify putting AUSA Washington on the witness stand at the sentencing hearing. Communications between AUSA Washington and defense counsel are irrelevant. Communications between AUSA Washington and federal agents concerning this case are privileged. Defense counsel has failed to explain how the information sought is relevant to the proceedings, much less crucial to the Court's sentencing determination. Defendant has further failed to establish that AUSA Washington is the sole source of the information.

Moreover, testimony related to documents filed on behalf of the government is unnecessary, unduly burdensome, and not probative of any fact relevant to the sentencing determination. Defendant should not be able to probe the rationale behind those filings. By issuing the subpoena, Defendant is improperly attempting to turn AUSA Washington into a fact witness without identifying what facts she has that no other witness in the case is able to provide, and how those facts are relevant to the sentencing hearing. Similarly, defense counsel is free to

make arguments related to conversations she had with AUSA Washington, and it is within the province of the Court to decide whether those conversations are relevant to the determination of the appropriate sentence.

Because the subpoena improperly seeks to make AUSA Washington a witness in this case, without meeting the high burden for doing so, the subpoena should be quashed.

### 3.     The subpoena seeks to discover privileged and confidential information.

A final reason to quash the subpoena is that the subpoena seeks to discover privileged and confidential information.

Rule 16(a)(2) of the Federal Rules of Criminal Procedure prohibits "the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). This rule incorporates the work product doctrine, which protects information prepared in anticipation of litigation. *See U.S. v. Nobles*, 422 U.S. 225, 237-38 (1975).

"At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Nobles*, 422 U.S. at 238. "But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system." *Id.* "One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial." *Id.* "It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself." *Id.*

Additionally, courts have recognized a law enforcement privilege. "The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve confidential sources, to protect witnesses and law enforcement personnel, to safeguard the

privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Hugler v. BAT Masonry Co., Inc.*, No. 6:15-cv-28, 2017 WL 1207847, at * 4 (W.D. Va. 2017) (quoting *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988)).

"The law enforcement privilege is qualified and the court must balance the public interest in nondisclosure against the need of a particular litigant for access to the privileged information." *Hugler*, at *4 (quoting *In re City of New York*, 607 F.3d 923, 944 (2d Cir. 2010) (internal quotation marks omitted)). "There is a strong presumption against lifting the privilege, and to rebut the presumption, the party seeking disclosure must show (1) that its suit is non-frivolous and brought in good faith, (2) that the information sought is not available through other discovery from others sources, and (3) a compelling need for the information." *Hugler*, at *4.

Here, the testimony sought from AUSA Washington is privileged and confidential. Conversations AUSA Washington may have had with DEA agent Randy Smith related to the investigation and prosecution of this case are shielded from discovery by Rule 16(a)(2) and the law enforcement privilege. Defendant has not and cannot set forth a compelling need for this information. Likewise, any testimony related to the government's filings in this case, the rationale behind those filings, or any communications with federal agents regarding this case, unless a *Giglio* or *Brady* obligation arises, are work product and are protected from disclosure.

## CONCLUSION

The motion to quash should be granted. Defendant has failed to comply with the *Touhy* regulations and the United States Attorney's Office has not authorized the testimony. Defendant should not be permitted to turn AUSA Washington into a witness in the case by serving her with a subpoena. Moreover, the information sought is privileged and confidential. The documents filed by the government speak for themselves.

A determination of the appropriate sentence in this case is within the province of this Court. Testimony from an AUSA who was a former prosecutor on the case would serve no useful purpose in a sentencing hearing.

                                              Respectfully submitted,

                                              PETER M. MCOY, JR.
                                              United States Attorney

By:    s/Tina Cundari
        Tina Cundari (Fed. I.D. 9679)
        Assistant United States Attorney
        1441 Main Street, Suite 500
        Columbia, South Carolina 29201
        (803) 929-3102
        tina.cundari@usdoj.gov

August 17, 2020